UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TALON ROPER-EL, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-653-JD-JEM |
| LT. DANIEL SHAFER, | |
| Defendant. | |

OPINION AND ORDER

Talon Roper-El, a prisoner without a lawyer, filed an amended complaint. ECF 3. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Roper-El alleges Lt. Daniel Shafer deployed two "Stingers" within a ten-minute period to get him back into his cell on June 26, 2024. ECF 3 at 2. A Stinger, commonly known as a rubber ball grenade, is described as a "maximum effect device that delivers

four stimuli for psychological and physiological effects: rubber pellets, light, sound, and CS [tear gas]." *See* https://www.defense-technology.com/product/stinger-cs-rubber-ball-grenade (last visited Nov. 12, 2025). A Stinger "is most widely used as a crowd management tool by Law Enforcement and Corrections." *Id*. Roper-El claims he was in the process of closing his door when Lt. Shafer threw the Stingers directly at him. He claims the "flash bang and sonic boom" are still causing him anxiety whenever he "hear[s] loud bangs or see[s] bright lights flash." ECF 3 at 3. He admits, however, that he was not hit by the Stingers because the door was partially closed. Roper-El claims Lt. Shafer falsified a related conduct report by stating that Roper-El was still in the common area when the Stingers were launched, but he insists video evidence will show he was in his cell. He has sued Lt. Daniel Shafer, Captain Anthony Luckey, Grievance Specialist Michael Gapski, and Warden English for monetary damages.

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (quotations and citation omitted). Deference is given to prison officials when the use of force involves security measures taken to quell a disturbance because "significant risks to the safety of inmates and prison staff" can be involved. *McCottrell*, 933 F.3d at 663 (quoting *Whitley v. Albers*, 475 U.S. 312, 320 (1986)). Jails are dangerous places, and security officials are tasked with the difficult job of preserving order and

2

discipline among inmates. *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009). It is important that prisoners follow orders given by guards. *Id*. at 476-77 (citing *Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984)). To compel compliance—especially in situations where officers or other inmates are faced with threats, disruption, or aggression—the use of summary physical force can be warranted. *Id*. at 477 (citing *Hickey v. Reeder*, 12 F.3d 754, 759 (8th Cir. 1993)). That is not to say, however, that such justification exists "every time an inmate is slow to comply with an order." *Lewis*, 581 F.3d at 477. Several factors are explored when determining whether an officer's use of force was malicious or legitimate, including the need for applying the force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the prisoner's injury. *Hendrickson*, 589 F.3d at 890.

Here, Roper-EL alleges Lt. Shafer threw two Stingers at him while he was in the process of closing his cell door. Roper-El claims he was not displaying threatening or aggressive behavior, was not involved in a disruption or disturbance, and was not resisting orders when this occurred. *See e.g., Lewis*, 581 F.3d at 477. He states the Stingers caused him "physical complications" and anxiety. Although the details about the incident are sparse and further investigation may reveal the force used was legitimate under the circumstances, at this preliminary stage—and giving Roper-El the benefit of the inferences to which he is entitled—he has stated a plausible Eighth Amendment excessive force claim against Lt. Shafer.

His claims against the remaining defendants do not fare as well. Roper-El alleges Capt. Luckey is liable because he is Lt. Shafer's "immediate supervisor." ECF 3 at 2.

According to Roper-El, the fact that Lt. Shafer threw the Stingers at him shows Capt. Luckey "did not ensure that defendant Shafer was properly adhering to policy and supervised." *Id*. Similarly, he claims Warden English "governs over an entire state institution," so he is liable as well. *Id*. However, "[a] defendant cannot be held liable for a constitutional violation if she did not cause or participate in the alleged violation." *Moderson v. City of Neenah*, 137 F.4th 611, 617 (7th Cir. 2025) (citation omitted). It is also important to note that "the division of labor is critical to the efficient functioning of the [prison] organization." *Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017). There is no *general respondeat* superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. Accordingly, there is an insufficient basis in the complaint for the court to plausibly infer that Capt. Luckey or the Warden violated Roper-El's constitutional rights. Additionally, these defendants cannot be held liable for failing to adequately train employees, because a failure-to-train claim can only be brought against a municipal actor, not a state official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989); *Brown v. Budz*, 398 F.3d 904, 918 (7th Cir. 2005).

      Finally, Roper-El takes issue with the alleged lack of a grievance process. He claims he "attempted" to make Warden English aware of the situation by filing an "emergency grievance," but neither he nor grievance specialist, Michael Gapski, "respond[ed] in the time required per policy." ECF 3 at 3. As noted above, this isn't sufficient to subject them to individual liability because they cannot be sued for simply managing the grievance process. *See Burks*, 555 F.3d at 595. Moreover, there is no

4

constitutional right to a grievance process in general. *See Daniel v. Cook Cty.*, 833 F.3d 728, 736 (7th Cir. 2016) ("[T]he Constitution does not require that jails or prisons provide a grievance procedure at all, nor does the existence of a grievance procedure create a constitutionally guaranteed right."); *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause."); *Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). The mere fact that the Warden and/or Michael Gapski allegedly failed to process a grievance about the failings of another prison staff member does not make them liable for a constitutional violation. *See Daniel*, 833 F.3d at 736; *Burks*, 555 F.3d at 595.

For these reasons, the court:

(1) GRANTS Talon Roper-El leave to proceed against Lt. Daniel Shafer in his individual capacity for compensatory and punitive damages for subjecting him to excessive force in violation of the Eighth Amendment when he threw two Stingers into Roper-El's cell on June 26, 2024;

(2) DISMISSES all other claims;

(3) DISMISSES Warden English, Anthony Luckey, and Michael Gapski;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to

locate and serve process on) Lt. Daniel Shafer at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 3);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Lt. Daniel Shafer to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 12, 2025

/s/JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT